# MIDDLESEX COUNTY.

## Joseph H. Davis *vs.* George Winn.

Proof before commissioners appointed to receive and allow claims against the estate of a deceased mortgagor, which has been represented insolvent, of the balance due upon a claim secured by a mortgage given by him, after deducting the full estimated value of the mortgaged land, and the receipt of dividends thereon, do not preclude the mortgagee from claiming the full amount remaining due upon his mortgage, in a bill to redeem brought against him by one who has subsequently purchased the equity of redemption from the heirs at law of the mortgagor.

And, in such suit, if the mortgagee, after taking possession, has been compelled to pay the amount due upon a note secured by a prior mortgage upon a portion of the land, to protect his title, he is entitled to be allowed for the sum so paid, although such prior

mortgage was thereupon discharged of record, before the plaintiff's title accrued, if it also appears that the whole amount claimed by the defendant upon his mortgage is less than that which appeared to be due upon it, by the record.

Bill in equity to redeem land from a mortgage, given to the defendant by Moses Cummings, dated April 1, 1840, to secure the sum of $1000, and interest. Cummings died September 10, 1840, and the plaintiff became owner of the equity of redemption by several deeds from his heirs at law.

At the hearing in this court, before the chief justice, it appeared, from the bill, answer and master's report, that the estate of Cummings was represented insolvent, and commissioners were appointed to receive and allow claims against the same, and, on the 5th of July 1841, the defendant presented for proof his claim above referred to, and was permitted to prove thereon the sum of $546.98, because the commissioners believed that the estate mortgaged to him was not sufficient to pay the mortgage note, within that sum, and that so much thereof would be left unpaid after deducting the full value of the mortgaged premises. Upon the claim so proved, dividends were paid to the defendant as follows: March 15, 1842, $339.13; September 9, 1853, $7.65; September 3, 1844, $27.35.

The mortgage to the defendant contained the usual covenants against incumbrances; but, on the 25th of September 1838, Cummings had mortgaged a portion of the land therein described to James F. Baldwin, to secure certain notes, and the defendant did not know of the existence of this prior mortgage, until after the death of Cummings, when, having taken possession under his mortgage, he was called upon to pay to Baldwin the balance then due to him. And, accordingly, in order to prevent Baldwin from taking possession under his prior mortgage, the defendant, on the 30th of April 1842, paid to him the sum to which he was then entitled, amounting to $231.16, which was less than the value of the land embraced in his mortgage; and the mortgage was discharged of record by Baldwin, on that day. The plaintiff did not become the owner of the equity of redemption for over three years after this time, and he alleged that he purchased the same after an examination of the records in the registry of deeds,

in which he found the discharge of the mortgage to Baldwin duly entered.

The master stated an account of rents and profits, allowing the defendant the sum of $231.16, paid by him to Baldwin, and charging him with the dividends received by him from the estate of Cummings, by which a balance of $568.72 was found due to him upon his mortgage.

The chief justice reserved two questions for the consideration of the whole court: First. Is the defendant precluded from claiming of the plaintiff the amount due on his mortgage, after deducting the sums received as dividends, by reason of his proof against the estate of Cummings? Secondly. Has he a right to claim the amount paid by him to Baldwin, in order to remove the prior mortgage?

*J. M. Randall*, for the plaintiff.

*J. P. Converse*, for the defendant.

HOAR, J. We can have no doubt that the defendant is not precluded from claiming of the plaintiff the amount due on his mortgage, by the proof which he made of his debt against the estate of Cummings. The plaintiff claims under the heirs of Cummings. They had no equity which could require the exoneration of the mortgaged premises, as the result of any partial payment from the personal estate of their ancestor. The rule which makes the proof by a creditor of his entire claim against an insolvent estate a waiver of any security which he holds, is only a rule for marshalling assets between creditors, and has no application to a controversy directly between the creditor and the debtor, or those who have only the debtor's rights. But, in this case, the master's report finds that the defendant was only permitted to prove against Cummings's estate the residue of his claim, after deducting the estimated value of the mortgaged premises. He was thus in effect compelled to accept the property, which he had taken as a security, in satisfaction of his debt, as far as it would go. If the mortgaged estate had afterward depreciated in value, he must have borne the loss. This state of facts ought rather to be equitably regarded as a complete bar to the right of redemption by the heirs of Cummings, than

10*

as giving them any pretence to redeem without paying the whole debt. The rights of a purchaser from them are in this respect no better.

The other point presented by the report is equally free from difficulty. The defendant, being in possession of the mortgaged estate under his mortgage, after the death of the mortgagor, was compelled to pay a prior mortgage, in order to protect his title. He had therefore, as against the mortgagor and those claiming under him, a right to indemnify himself for this payment out of the mortgaged estate. But the prior mortgagee discharged his mortgage upon the record, instead of assigning it; and the plaintiff claims to stand in the position of a *bona fide* purchaser without notice, and contends that he should not be obliged to pay a mortgage which the record showed to be discharged and satisfied, at the time he purchased the equity. There is certainly some force in the reasoning by which this position is supported; but, without intending to give an opinion upon it, we think the facts disclosed by the report render it of no avail. The whole amount which the defendant now asks to be allowed to him is less than the amount of his mortgage and interest, after deducting what was received from the estate of Cummings. The defendant has been charged with a large amount of rents and profits of the estate, which accrued before the plaintiff's title was acquired. If the plaintiff bought, trusting to the record, there was nothing on the record to show that anything should be deducted from the amount due on the defendant's mortgage on account of these rents and profits. Up to the year 1855, they were matter of account with the heirs of Cummings; against whom the right to apply them to reimburse the defendant for the sum paid to redeem the prior mortgage was indisputable. As they were more than sufficient to pay that sum, as no account had been settled by which they were otherwise applied, and as the plaintiff will not, in any event, be called upon to pay more than appeared by the record to be due, it is equitable that they should be so applied now.

The result is, that the plaintiff will have a decree that he

may redeem upon paying the amount which the master's report shows to be due upon the mortgage, with interest and costs, subject to an account for rents and profits since the date of the report. *Decree accordingly.*